## Augustus Tregent and another v. Abraham Whiting.

*Deed by Land-Board. Construction.*—In a conveyance by the Land-Board, granting certain land in fee, in trust to one Hall, for the rightful owners, "who may claim the same by mesne conveyances from the original grantee or otherwise." *Held*, that the construction was the same as though it had been to himself and his heirs, *habendum* to the use of himself, and those who should claim under him, by conveyance or otherwise.

*Heard October 25th*, 1865. *Decided January 5th.*

Case made from Wayne Circuit.

This was an action of ejectment brought by Tregent & Stockwell against A. Whiting for certain premises in Detroit.

To maintain the issue on their part, the plaintiffs offered in evidence a deed, executed by the Mayor, Recorder and Aldermen of the City of Detroit, to Richard H. Hall, and covering the property in question, which deed is in the words following, to wit:

"The Mayor, Recorder and Aldermen of the city of Detroit, to all to whom these presents shall come. Whereas, by act of Congress of the United States, approved April twenty-one, A. D. eighteen hundred and six, entitled "An Act to provide for the adjustment of titles to land in the town of Detroit and territory of Michigan, and for other purposes," the Governor and Judges of the territory of Michigan were constituted a land-board with power to lay out the town of Detroit, to finally adjust all claims to lots therein, to grant donation lots to all persons entitled, and to sell the residue of the land for certain purposes therein mentioned. And whereas, by the act of Congress supplementary to the said Act, approved August twenty-ninth, A. D. eighteen hundred and forty-two, the powers as above vested in said Governor and Judges, were transferred to the Mayor, Recorder and Aldermen of the city of Detroit. And whereas, the execution of said trust by said Governor and Judges has not been fully perfected, nor the lands transferred to them, as aforesaid, entirely disposed of. And whereas, the Mayor, Recorder and Aldermen of the city of Detroit, sitting as a land-board, as aforesaid, did by resolution, passed and adopted on the fourth day of March, A. D. eighteen hundred and forty-six, order the premises hereinafter described to be sold to Richard H. Hall, of Detroit, Michigan, upon certain conditions and terms therein mentioned and set forth, which conditions and terms on the part of said Richard H. Hall have been fully complied with. Therefore, know ye, that we, the said Mayor, Recorder and Aldermen, acting under and in pursuance of the act of Congress, aforesaid, of August twenty-ninth, eighteen hundred and forty-two, in consideration of the premises and of the sum of six hundred dollars to us in hand paid, the receipt

whereof is hereby confessed and acknowledged, have granted, bargained, sold, remised, released and quit-claimed, and by these presents do grant, bargain, sell, remise, release, and forever quit-claim to the said Richard H. Hall, his heirs, executors, administrators and assigns (but always in trust and for the use and benefit of the rightful owners of the same, who may claim the same by virtue of mesne conveyances from the original grantee or otherwise), all the estate, right, title and interest, use, trust, property, claim and demand whatsoever, both in law and equity of us, the said Mayor, Recorder and Aldermen of the city of Detroit, in and to the following described premises, lying and being in the city of Detroit, and State of Michigan, that is to say: lot thirty-one (31) in section seven (7) of said city of Detroit, according to the Governor and Judges' plan thereof, to have and to hold the said released premises, as aforesaid, to him, the said Richard H. Hall, his heirs, executors, administrators and assignees, forever. But always in trust for, and for the use and benefit of the rightful owners of the same, as aforesaid, to their own proper use and behoof.

*In witness whereof*, the said Mayor, Recorder and Aldermen of the city of Detroit, have hereto set their hands and affixed their seals this twenty-fourth day of October, A. D. eighteen hundred and forty-eight."

To the introduction of which said deed, as evidence, the defendant, by his said attorney, objected, on the ground that said evidence was irrelevant and incompetent for the following reasons, to wit:

1st. Because the Mayor, Recorder and Aldermen, under the acts of Congress referred to in said deed, could not delegate their power, nor make a trust deed.

2d. Because said deed is absolutely void under the Michigan statutes abolishing uses and trusts, the same not coming within any of the express trusts authorized by the same.

3d. Because if not absolutely void under the statutes, it vested no title in Hall, the grantee.

4th. Because if valid under said statutes, any deed from Hall, except to a *cestui que trust*, would be void.

The objections were overruled and the deed admitted. Other conveyances were introduced, showing title in plaintiffs.

For the defendant it was admitted by the plaintiffs that they, and those through whom they claim, claim title from Richard H. Hall, as purchasers, and not as *cestui que trust* under said deed. Defendant then rested.

The Court below gave judgment in favor of plaintiffs.

*J. E. Bigelow* for plaintiff in error.

In ejectment the plaintiff must recover, if at all, on the strength of his own title, and he must show a good legal title in himself, and a present right of possession, or the judgment must be for the defendant. 2 *Greenl. Ev.* §§ 303, 304, *and cases cited;* 1 *Chitty's Pleadings*, 189, *and cases cited.*

In this case the plaintiffs have undertaken to deduce title from the government, and have given no evidence tending to establish either title or right of possession in themselves on any other basis. The only question, therefore, to be considered here is: Have they succeeded in establishing such a title?

We insist that they have not. The deed was incompetent evidence and should have been excluded by the Court on the objection of the defendant.

The grantors in that deed were mere attorneys of the United States in respect to the property in question under and by virtue of the two acts of Congress referred to therein, and their powers were limited and expressly defined thereby, and were as follows: 1st, to lay out a town; 2d, to hear, examine, and finally adjust all claims to lots therein and give deeds for the same; 3d, to determine who were entitled to donations, and to grant to each a lot; and, 4th, to sell the remainder, if any, and appropriate the proceeds as directed. 2 *U. S. Stat. at large*, 398; 5 *Id.* 541. Their acts, therefore, to be valid, must come within some one of the powers

thereby conferred. Said deed does not come within any one of those powers.

*Wm. Gray* for defendants in error.

The land-board had larger powers than the governor and judges; the former could only donate lots to claimants, the latter could sell the residue after all just claimants were satisfied. *Acts of Congress, April* 1806, *and August* 1842.

The deed to Hall recites that the trust was not fully performed, lots being undisposed of; (clearly referring to surplus lots); that the board did, by resolution, order the premises in question to be sold, (not donated,) to Hall; that he complied with the terms of the sale, and that he paid for his purchase $600, therefore they deed to him, &c.

The intent was clearly to vest in him the entire title of the board, and the clause was inserted, (in old forms used prior to the statute,) as an extra precaution to protect the grantors from possible claims, and the old forms being on hand continued to be used. Why should there be a trust for the owner, when, if there was one, he needed no trust to give rights already existing? The statute evidently intends that the fee shall go to the person intended to be the beneficiary. *See* § 1 *of the same act.*

As appears by the record, Hall was the rightful owner. Although he had no deed other than this, he was the purchaser, and prior to this deed, could enforce a proper conveyance. The trust, if any, is not to the "legal owner," nor to persons holding title by deed, but to the rightful owner. A person may be the rightful owner although he has but a defective deed, or has no deed.

COOLEY J.

Several questions under the statutes relating to uses and trusts were discussed on the argument of this cause, but in the view we have taken, they become entirely immaterial. The case turns upon the construction of the deed from the

Mayor, Recorder and Aldermen of the city of Detroit, acting as a Land-Board, under the acts of Congress of April 1806, (2 *Stat. at large*, 398,) and August 1842, (5 *Id.* 541,) to Richard H. Hall. This deed recites a sale of the lot in controversy by the Land-Board to Hall, "upon certain terms and conditions," "which have been fully complied with," and thereupon, in consideration of the sum of six hundred dollars, the receipt of which is acknowledged, it grants, bargains, sells, remises, releases and quit-claims the premises to said Hall, his heirs, executors, administrators and assigns, "but always in trust and for the use and benefit of the rightful owners of the same, who may claim the same by virtue of mesne conveyances from the original grantee or otherwise."

We have no proof of the circumstances which surrounded the giving of this deed, and we have consequently nothing to aid us in giving it the proper construction. The language is peculiar, but unless it is ambiguous, or the apparent intent an illegal one, we have only to gather the intent of the grantors from the language employed, and give the deed effect accordingly.

The grant is of lands belonging to the United States, and which the Land-Board convey as donees of a power. It was suggested on the argument that the Land-Board by this conveyance "determined that somebody was entitled to the lot in question, and they deeded it to Hall to hold for that somebody, and sought thereby to confer on him the power to determine who that somebody was." We do not discover in the deed any intention to confer discretionary power upon Hall. The grant is to him, to hold for the rightful owner claiming under the original grantee. If any other person than Hall answers the description of the *cestui que trust* as here designated, it was evidently designed that he should receive the benefit of the grant, and not that Hall should himself select the beneficiary.

But as there is no showing in the case that any person other than Hall had any right to this lot, legal or equitable, at the

time this grant was made, we need not speculate upon the effect or validity of the deed had such a showing been made. The grant being by the United States, we must presume that the title had not been previously conveyed. The deed recites a sale to Hall; the payment by him of the consideration; and it then grants the land to him in fee, in trust for the rightful owners, "who may claim the same by mesne conveyances from the original grantee or otherwise." Now Hall is himself the original grantee; and as he bought and paid for the land, he is also the rightful owner. This is the case as exhibited to us upon this record. The construction of the deed is therefore the same as if it had been to himself and his heirs, *habendum* to the use of himself and those who should claim under him by conveyance or otherwise. The deed is one of bargain and sale, though the phraseology is somewhat peculiar, and under the case as it stands, it can have no different construction than if it had followed the usual form.

The ruling of the Court below upon this deed was correct, and the judgment must be affirmed.

CAMPBELL and CHRISTIANCY JJ. concurred.